## The People of the State of Illinois ex rel. Silas Cook et al., Defendants in Error, v. W. C. Goodall et al., Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917.

### Statement of the Case.

Information in the nature of quo warranto by the People of the State of Illinois *ex rel.* Silas Cook, Edmund Goedde, Albert Diehm, J. A. Goodall, John

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. Wies and William P. Launtz, petitioners, against W. C. Goodall, Clyde D. Miller, Charles F. Merker, Alexander S. Vien, F. L. Schroeder and W. J. Miller, respondents, charging them with unlawfully exercising the offices of directors of the Bankers Accident Insurance Company and demanding that they show by what right they claim to exercise such offices. From a judgment of ouster, respondents bring error.

JAMES O. MILLER, for plaintiffs in error.

DAN MCGLYNN, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. QUO WARRANTO, § 56*—*when judgment of ouster is proper.* The respondents to quo warranto proceedings are bound to state in their pleas and show by proof good authority for acting as officers, otherwise the relators are entitled to a judgment of ouster.

2. ASSOCIATIONS—*when meeting is not legally organized.* Where the by-laws of an association provided that the president, and in his absence the vice president, should preside at all meetings of members, and that the officers should be elected by ballot, *held* in quo warranto proceedings upon proof showing that neither the president nor the vice president presided over the meeting at which the respondents were elected as officers, although the vice president was present, and that such meeting was organized by a *viva voce* vote for a presiding officer and a secretary, that said meeting was not legally organized, and such officers elected thereat had no title to the offices claimed by them.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.